IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-002004-LTB-MEH

PHILIP C. BUTLER,

> Plaintiff,

v.

SHAWN COMPTON,

> Defendant.

---

# ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before me is Plaintiff's motion requesting that I direct the Colorado Department of Corrections ("CDOC") or the Huerfano County Correctional Center to allow him copies of all motions and briefs that are related to this action. Plaintiff claims that as of March 14, 2006, he has been denied copies at the law library. The Plaintiff does not indicate whether he is denied all copies, or just copies at no charge. The Plaintiff has cited no authority, and I am aware of none, under which this Court can direct a state agency or a private correctional facility to expend funds to finance the Plaintiff's costs of litigating this civil lawsuit which seeks, in part, monetary damages as relief.

If Plaintiff is successful in this case, he will be allowed to recover the costs of this action under Fed. R. Civ. P. 54. Advancement of litigation costs is not provided by statute or by rule, and imposing a financial burden on the CDOC or the facility where the Plaintiff is held, because the Plaintiff is indigent or lacks funds with which to pay his costs is fundamentally unfair and no authority exists under which the Court may do so.

Further, Plaintiff's *in forma pauperis* status does not provide a basis for such an order. The

statute governing *in forma pauperis* proceedings indicates that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefore. . . .

28 U.S.C. § 1915(a).

"Fees" or "costs," for indigent litigants under 28 U.S.C. § 1915, refer generally to court costs, or the fees imposed by officers of the court such as the clerk or marshal, to taxable costs to be recovered by the adverse party, or to mileage and attendance fees for prospective witnesses. Robert F. Koets, *What Constitutes "Fees" or "Costs" Within Meaning of Federal Statutory Provision (28 U.S.C.A. § 1915 and Similar Predecessor Statutes) Permitting Party to Proceed In Forma Pauperis Without Prepayment of Fees and Costs or Security Therefor*, 142 A.L.R. Fed. 627 (1997). Payment of an *in forma pauperis* litigant's copying or postage costs is not envisioned under statutory authority, and this Court has no such funds available. In *United States v. MacCollom*, 426 U.S. 317, 321 (1976), the Supreme Court held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." There is no congressional authorization for the courts to pay or advance copying or postage costs in civil cases like this one. Accordingly, Plaintiff's motion will be denied as it may relate to receiving free copying through the prison where he is housed.

As the Plaintiff's motion may be construed to allege that he is being denied copying services in violation of prison regulations or policies, or that the policy itself is unfair or illegal, the Plaintiff has available to him the prison grievance system to address those complaints. The Plaintiff cannot turn to this Court for relief that he has not yet requested through the appropriate channels of the grievance system where he is housed.

Based upon the record herein, the Plaintiff's motion requesting legal copies [Filed March 16, 2006; Docket #72] is **denied.**

Dated at Denver, Colorado, this 21st day of March, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

3