IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02004-LTB-MEH

PHILIP C. BUTLER,

    Plaintiff,

v.

SHAWN COMPTON,

    Defendant.

_____

### RECOMMENDATION FOR DISMISSAL
### AND FOR DENIAL OF MOTION TO AMEND
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

    Defendants have filed a Motion for Summary Judgment (Docket #75), and it has been referred to this Court (Docket #77). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion for Summary Judgment be **granted**, resulting in the case being dismissed in its entirety. Additionally, the Plaintiff has also filed a Motion for Leave of Court to Amend Complaint (Docket #86), which incorporates the Amended Complaint proposed by the Plaintiff. The Defendant has requested that the matter be stricken (Docket #87). Because the Plaintiff's proposed amendments fail for the same reasons as his original Complaint, it is **recommended** that the request for leave be **denied.**

    All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or

recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff was arrested by the police on July 25, 2003. In a *pro se* civil rights complaint (Docket #3), and amendment ("Amendment to Complaint") (Docket #4), he brings this lawsuit against Defendant, the arresting officer, pursuant to 42 U.S.C. § 1983. Plaintiff argues that his arrest was unlawful because the Defendant "used a ruse" to gain entry to the motel room where Plaintiff was staying. In his view, "Colorado law does not allow police officers to use deciption [sic] or force to gain entrance of a dewlling [sic] without a warrant or exigent circumstances." AMENDMENT TO COMPLAINT, Docket #4

In his Complaint, the Plaintiff states that he was renting unit #4 in The Dun Rovin Motel in Colorado Springs, Colorado, when Defendant knocked on the door. COMPLAINT, Docket #3. Plaintiff asked who was knocking, and the Defendant misrepresented his identity when he responded by saying that he was maintenance, and was there to fix the sink. *Id.* Plaintiff alleges that he opened

the door part way, and the Defendant forced the door open the remainder of the way. Once inside Plaintiff's unit, Defendant placed Plaintiff under arrest. *Id*. Plaintiff alleges that his rights under the Fourth Amendment were violated by Defendant because the officer arrested him "without a warrant and with disception [sic]." *Id*.

In response to the Plaintiff's allegations, the Defendant filed a Motion to Dismiss which argued that the allegations of Plaintiff's Complaint failed to state a claim. In the motion, it was Defendant's contention that the use of a ruse to gain access to a suspect is supported by the case law (Docket #12). On May 2, 2005, this Court granted the Defendant's Motion to Dismiss (Docket #33). The Plaintiff appealed the dismissal (Docket #35).

In its Order and Judgment, filed on December 29, 2005 (Docket #61), the Court of Appeals for the Tenth Circuit reversed the dismissal. The appellate court directed that, on remand, this Court first consider whether the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994) is a bar to this lawsuit. That issue has been briefed by the parties and is now ripe for consideration.

Additionally, on April 26, 2006, the Plaintiff filed a Motion for Leave of Court to Amend Complaint, which incorporates the proposed Second Amended Complaint he seeks to file in this Court (Docket #27). The motion is referred to in the docket as an Amended Complaint, but the title of the document, "Motion for leave of court to Amend complaint," clearly indicates the Plaintiff's desire to seek leave from the Court to amend his pleading for a second time. In the proposed Second Amended Complaint, Plaintiff separates his Fourth Amendment violation claim into three claims, one alleging that his right to privacy under the facts previously presented were violated, another that the Defendant's actions constituted an illegal search and seizure, and the third that he was falsely arrested. Plaintiff also amends his Request for Relief to distinguish the types of damages and their

3

amounts. Defendant has responded that the document should be stricken because the Plaintiff did not seek leave of Court to file an amended pleading.

**DISCUSSION**

**I.       Standard of Review.**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56©, except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir.

1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Because the Plaintiff is proceeding without counsel, the Court must construe his pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## II.   Application of *Heck* to Plaintiff's Claim.

*Heck* involved a Section 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest, and ultimately his conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. The Court explained that this could be done by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote and citation omitted). In crafting this

standard of proof, the Court drew an analogy to the "favorable termination" element in malicious prosecution actions. *See id.* at 484. *Heck* has been characterized by the Supreme Court as holding that where "a prisoner's § 1983 damages action would *implicitly question the validity of a conviction* or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004) (emphasis supplied). Therefore, favorable termination is not so much an element of a claim, but a prerequisite to commencement of a Section 1983 action which would call into question the lawfulness of a conviction or confinement. The requirement of favorable termination prevents parallel litigation over the issues of probable cause and guilt, and the possible creation of conflicting resolutions arising out of the same or identical transactions. *See Heck*, 512 U.S. at 484.

The Defendant's position with regard to *Heck* is that a judgment in favor of the Plaintiff would imply the invalidity of his conviction or sentence because even though the charges to which the Plaintiff entered pleas of guilty arose from criminal incidents other than those involving the Defendant, the charges that arose under Plaintiff's arrest by the Defendant were part of the overall plea agreement under which the Plaintiff pled guilty and were dismissed in exchange for Plaintiff's guilty plea to those other charges. The Plaintiff counters the Defendant's position with the argument that his standing convictions and sentence are not related to the arrest made by the Defendant, as evidenced by the police reports for the crimes that he pled guilty to which are different from those that were described in the police report and probable cause affidavit supporting the arrest made by the Defendant, thereby taking his claims out of the scope of *Heck*. Apparently, the Plaintiff is suggesting that because he did not actually plead guilty to the offenses for which the Defendant

arrested him, he can recover damages for a Fourth Amendment violation, presumably because of the circumstances or manner in which he was arrested which may include an alleged lack of probable cause. The logic of Plaintiff's argument misses the point and, in this case, would produce an outcome that *Heck* seeks to prevent. More importantly, accepting the Plaintiff's theory would discourage the government from entering into plea agreements, if an accused could then sue for false arrest or imprisonment on charges that were dropped pursuant to a plea agreement.

The situation in this case is fairly novel and Tenth Circuit case law on point to the situation presented in this case, *i.e.*, a determination on whether (1) a Fourth Amendment challenge to an arrest and/or imprisonment on charges that were dismissed as part of a plea agreement would necessarily call into question the validity of the conviction or sentence imposed under the plea agreement and (2) whether dismissal of charges as part of a plea agreement constitutes a favorable dismissal under *Heck*, is not readily apparent. The lack of direct authority does not mean, however, that this Court is without guidance.

Following the Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257 (1971), federal courts have developed a sort of "common law" of plea agreements, built around the notion that because a negotiated plea agreement represents a bargained for quid pro quo, it is contractual in nature and is therefore subject to interpretation under principles of contract law. *See, generally, United States v. Eldick*, 443 F.3d 783, 788-89 (11th Cir. 2006); *United States v. Norris*, 439 F.3d 916, 919 (8th Cir. 2006); *United States v. Lang*, 440 F.3d 212, 213 (5th Cir. 2006); *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005); *United States v. Hamdi*, 432 F.3d 115, 122-23 (2nd Cir. 2005); *United States v. Berheide*, 421 F.3d 538, 542 (7th Cir. 2005); *United States v. Jones*, 417 F.3d 547, 549 (6th Cir. 2005); *United States v. Johnson*, 410 F.3d 137, 153 (4th Cir. 2005); *United*

*States v. Bermudez*, 407 F.3d 536, 540 (1st Cir. 2005); *United States v. Bernard*, 373 F.3d 339, 345 (3rd Cir. 2004); *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004). Application of principles of contract law reveal that Plaintiff's attempt to recover damages in this case necessarily implies the invalidity of his conviction under the plea agreement, even though the charges under which the Plaintiff seeks damages were dismissed. *Cf. Heck*, 512 at 487 ("[i]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of *any outstanding criminal judgment* against the plaintiff, the action should be allowed to proceed.") (emphasis added).

The record in this matter demonstrates that on January 12, 2004, prior to pleading guilty to the burglary charges which did not involve the arrest by the Defendant, the Plaintiff waived a preliminary hearing on the charges brought against him in conjunction with Defendant's arrest. *See* PLAINTIFF'S DEFENSE BRIEF TO HECKS VS HUMPHREY ISSUES, Docket #78, Exh. 4, p. 5 (entry of 01/12/2004 noting waiver of preliminary hearing set for 1-16-04). Additionally, Plaintiff had made efforts in the state proceedings to challenge the evidence against him and his arrest without a search warrant in the case involving the Defendant. *See Id.* at, Exh. 4, p. 6 (entry of 02/17/2004 concerning notice of motion to suppress). A motions hearing held on March 29, 2004, was continued by the parties to April 26, 2004. *Id*. at Exh. 4, p. 7 (Minute Order of March 30, 2004). The Minute Order from proceedings held on April 26, 2004, indicate that the Plaintiff refused to be brought into the courtroom. *Id*. Thereafter, the record reflects that on April 28, 2004, the Plaintiff pled guilty to three burglary charges which did not arise from the Defendant's arrest of the Plaintiff, and that the case involving the Defendant's arrest was to be dismissed. *Id*. at Exh. 4, p. 8. Plaintiff does not dispute that the dismissal was a part of a plea agreement, and nothing in the record evidences that the

dismissal occurred for any other reason than that it was part of the plea agreement.

Essential elements of a contract made in Colorado are "competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligations." *Denver Truck Exch. v. Perryman*, 307 P.2d 805, 810 (Colo. 1957). Under the bargain reached in the state criminal proceedings, legal consideration given – or bargained for exchange -- was that Plaintiff was relieved of prosecution on the charges which were dismissed and of the potential for incarceration on those charges, and the government was relieved of having to expend the full effort of prosecuting the charges on which the Plaintiff pled guilty and also in having to defend against a probable cause challenge on the charges that were dismissed. By now trying to raise the issue of probable cause under the dismissed charges in a constitutional challenge in federal court, Plaintiff is essentially attempting to retain the benefit of his bargain under the plea agreement at the expense of the bargained for benefit to the government because the test for determining probable cause for the search and/or arrest in state court would be the same standard applicable to a § 1983 Fourth Amendment challenge. *See* RECOMMENDATION FOR DISMISSAL, Docket #28, ¶. 4-6.

Principles of contract law provide that if it appears that one party to a contract is not bound to do the acts which formed the consideration for the promise of the other, mutuality of obligation is lacking and the other party is not bound to the contract. *See Modern Music Co. v. Ellis*, 482 P.2d 1005, 1006-1007 (Colo. Ct. App. 1971). In this light, Plaintiff's lawsuit in this Court raises the issue of the enforceability of the plea agreement, based on a lack of mutuality of obligation, which necessarily implies the invalidity of his conviction. Arguing that what is essentially a waiver of the issue of probable cause by the Plaintiff under the plea agreement was not contemplated in the terms of the plea agreement, would not assist the Plaintiff. Such an argument would call into question the

9

validity of the plea because issues regarding what the actual terms of the plea agreement were or the intent of the parties or the parties' understanding of those terms, directly raise concerns regarding the voluntary nature of the Plaintiff's plea of guilty. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (a "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense). In this case, Plaintiff's Fourth Amendment challenge to an arrest and/or imprisonment on charges that were dismissed as part of a plea agreement would necessarily call into question the validity of the conviction or sentence imposed under the plea agreement by calling into question the plea agreement and/or the plea. Therefore, Plaintiff's claim falls within the scope of *Heck*.

Because Plaintiff's Section 1983 action would call into question the lawfulness of a conviction or confinement, he must demonstrate favorable termination as a prerequisite to commencement of the action. The Tenth Circuit has ruled that while the bottom line in constitutional claims for wrongful arrest, detention, and prosecution under the Fourth Amendment is whether there was probable cause, the starting point for such analysis is analogous common law torts. *Grubbs v. Bailes*, — F.3d —, 2006 WL 1086440, *2 (10th Cir. 2006). Additionally, since the Supreme Court has analogized the favorable termination standard announced in *Heck* to that of the tort of malicious prosecution, reasoning and analysis by other courts which have utilized the same starting point are particularly instructive. In *Evans v. Ball*, 168 F.3d 856, 858-59 (5th Cir. 1999), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003), the government brought charges against Evans, a Forest Service employee, for knowingly making and using a false document. *See Evans*, 168 F.3d at 858. Those charges were eventually dropped by the government in exchange for Evans' promise to retire from the Forest Service. *See id.* In addressing the issue of whether or

not an agreement between the accused and the government constituted a termination in the accused's favor for purposes of establishing a tort claim, the Court of Appeals for the Fifth Circuit stated that the evidence clearly indicated that "Evans agreed to do something in exchange for the government's dropping the charges." *Id*. at 859.  Such a situation "does not support a finding of favorable termination." *Id*.; *cf. Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) (when the government dismisses criminal charges against a defendant without any quid pro quo, such as a plea agreement, the suit is deemed to have been terminated in favor of the defendant); *see, also, Uboh v. Reno*, 141 F.3d 1000, 1005 (11th Cir. 1998) (noting that "courts have found that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination . . . "); *see White v. Wortz*, 66 F. Supp.2d 331, 334 (D.Conn. 1999) (when a charge is dismissed as a part of a plea bargain involving a guilty plea to some unrelated charge, the dismissal nevertheless is not a favorable termination).

Further, at least one circuit court has found that the existence of a favorable termination is determined in accordance with applicable state law.  *Hygh v. Jacobs*, 961 F.2d 359, 367 (2nd Cir. 1992).

> The cases in Colorado that have addressed the issues of whether a settlement should be construed as a favorable termination have held that the termination of a criminal matter resulting from negotiation, compromise, settlement, or agreement is not considered a favorable termination.

*Hewitt v. Rice*, 119 P.3d 541, 544 (Colo. Ct. App. 2004).

Dismissal of the charges against the Plaintiff which arose from his arrest by the Defendant were part of a plea agreement which was found to be knowingly entered into by the Plaintiff.  *See* PLAINTIFF'S DEFENSE BRIEF TO HECKS VS HUMPHREY ISSUES, Docket #78, Exh. 4, p. 8 (entry of 04/28/2004 noting "DEF ENTERS PLEA; ADVISED; FACT BASIS; KNOW, VOL, INT PG . . .").

Therefore, the prosecution did not terminate in Plaintiff's favor, and *Heck* bars his claim in this Court. Accordingly, summary judgment is appropriate and should be granted.

### III.   Plaintiff's Request to Again Amend his Complaint.

Whether described as a violation of privacy rights, illegal search and seizure, or false arrest, the Plaintiff's claims under the Fourth Amendment would all hinge on the same analysis – that being whether or not probable cause existed. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (constitutionality of a warrantless arrest is analyzed under probable cause standards). This is so because Section 1983 "creates a species of tort liability." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976). It does so, however, only for deprivations, under color of state law, of federal or constitutional rights; not all state law torts are constitutional violations for which Section 1983 provides a remedy. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). As previously noted, the Tenth Circuit has ruled that while the starting point for Fourth Amendment analysis may be analogous common law torts, the bottom line in such claims is whether there was probable cause. *Grubbs,* 2006 WL 1086440, *2.

Leave to amend pleadings is ordinarily "freely given when justice requires." FED.R.CIV.P. 15(a). The determination of a motion to amend, however, falls within the discretion of the trial court, and the court may "deny such leave when the amendment would be futile." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, Plaintiff's proposed amendments would be futile, because they would be barred under *Heck* as the analysis in the above section would demonstrate. Accordingly, the Plaintiff's request for leave to again amend his Complaint should be **denied**.

Defendant has requested that the Second Amended Complaint be stricken because Plaintiff failed to request leave of Court. While inartfully presented, and not technically proper under the

standard requirement that such a request be in a separate motion with the proposed amendment tendered for consideration, liberal construction would substantiate a finding that a request for leave of Court was made.  Plaintiff is cautioned, however, that in the future he must follow the rules governing such requests.  Although the Court must liberally construe *pro se* filings, *pro se* status generally does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See  Green v.  Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Based on the determination that leave of court was sought and the recommendation that leave to amend be denied, the Defendant's request is deemed moot.  A separate Minute Order will issue in this regard.

## CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby **recommended** as follows:

1. Defendant's Motion For Summary Judgment [Filed March 21, 2006; Docket #75] be **granted**, and this action be dismissed in its entirety against the Defendant.

2. Plaintiff's Motion for Leave of Court to Amend Complaint [Filed April 26, 2006; Docket #86] be **denied.**

Dated at Denver, Colorado, this 19th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge